**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHERFRA RAFFLO and MICHAEL RAFFLO, individually and as parents and natural guardian of A.R., a minor,**

    Plaintiffs,

v.                                          Case No.  8:12-cv-1652-T-30TGW

**GYMBOREE RETAIL STORES, INC.,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 24) and Plaintiffs' Response in Opposition (Dkt. 32).  The Court, having considered the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted and final summary judgment awarded in Defendant's favor.

## BACKGROUND

The facts are largely undisputed in this negligence case.  On August 4, 2010, Plaintiffs' minor child, A.R., fell backwards off of a chair in a Gymboree retail store and hit his head on the wood floor.  Plaintiffs Cherfra Rafflo and Michael Rafflo filed suit against Defendant Gymboree Retail Stores, Inc. in their individual capacities and as the parents and natural guardians of A.R.  In their complaint, Plaintiffs allege a negligence claim against

Gymboree (Count I) and claims for loss of filial consortium of A.R. on behalf of each parent in their individual capacities (Counts II and III).

The record reflects that, on August 4, 2010, Ms. Rafflo and her two children, two-year-old A.R. and four-year-old B.R., visited a Gymboree store located in the Brandon Town Center (the "Store"). Gymboree is a specialty retail store selling children apparel and accessories. Ms. Rafflo visited the Store one or two times previously but she could not recall if her children were with her during those prior visits. Ms. Rafflo's prior shopping experiences at the Store were pleasant. On August 4, 2010, Ms. Rafflo did not remember the Store or the chair at issue looking dirty or grimy.

According to Ms. Rafflo, there was an area in the store that appeared to be a children's entertainment area. In this area, there were small plastic chairs positioned in front of a television set. The chairs were positioned on a hardwood floor. The chairs did not appear to be secured or protected from moving, sliding, or tipping. The chairs did not have any rugs, mats, cushions, or any other type of non-slip or soft surface material underneath them. The chair involved in the incident was situated with three other chairs in this area; the subject chair was to the left of the other chairs. The chair was square with a section of the seat that was lower than the rest of the chair. Gymboree did not manufacture the chair. Ms. Rafflo and A.R. were in the Store about 15 to 20 minutes before the incident occurred.

Ms. Rafflo, while shopping close by, witnessed A.R. attempt to sit in the subject chair. She saw the chair flip backwards, causing A.R. to strike his head on the wood floor. During

her deposition, she stated "my son had went to go sit down and backed up against the chair, and that's when he fell backwards." (Dkt. 25 at 68:10-12). Ms. Rafflo agreed that A.R. moved backwards, shuffled his legs backward and then tried to put his bottom in the chair. She also testified that A.R. lost his balance when he attempted to sit in the chair. Ms. Rafflo saw A.R.'s head hit the ground and A.R. instantly started to cry.

According to Ms. Rafflo's affidavit, A.R. has "exhibited changes in his behavior with hearing, speech and language difficulties" since the August 4, 2010 incident (Dkt. 31).

Count I of the complaint alleges that Gymboree had a duty to exercise reasonable care in the maintenance, inspection, repair, warning and/or mode of operation of its premises. Count I further avers that Gymboree had a duty to not only detect and correct dangerous conditions on its premises as they occur, but also had a duty to take actions to reduce, minimize, or eliminate foreseeable risks before they manifested as particularly dangerous conditions on the premises. Count I states that Gymboree negligently: a. allowed "a dangerous, unsafe and hazardous condition to exist upon the premises"; b. failed "to properly maintain and/or inspect the chairs to ensure that the chairs were properly cleaned, maintained and reasonably safe for the public"; c. failed "to post warning signs or secure the chairs to ensure that the chairs were reasonably safe for customers to use"; and d. failed to "hir[e], train, and/or supervis[e] its employees/associates as to how to maintain the area and observe any conditions that are, or could be, a danger to Gymboree's customers." (Dkt. 2 at ¶ 12).

Gymboree now moves for summary judgment on the entirety of Plaintiffs' claims, arguing that Plaintiffs cannot establish Gymboree breached a duty to A.R. as a matter of law. Gymboree also argues that the record is devoid of any evidence sufficient to establish a negligent mode of operation or negligent hiring, training, and supervision.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

Gymboree argues that it is entitled to summary judgment on the negligence claim because the record is undisputed that Gymboree did not breach its duty to A.R. The Court agrees.

In a negligence action under Florida law, a plaintiff must establish (1) a legal duty that the defendant owed the plaintiff, (2) the defendant's breach of that duty, (3) an injury to the plaintiff that was caused by the breach, and (4) damages as a result of the injury. *Zivojinovich v. Barner,* 525 F.3d 1059, 1067 (11th Cir. 2008); *see also Paterson v. Deeb,* 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985). "[A] landowner owes two duties to a business

invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." *Emmons v. Baptist Hosp.,* 478 So. 2d 440, 442 (Fla. 1st DCA 1985); *see also Delgado v. Laudromax, Inc.,* 65 So. 3d 1087 (Fla. 3d DCA 2011). Importantly, negligence "may not be inferred from the mere happening of an accident alone." *Belden v. Lynch,* 126 So. 2d 578, 581 (Fla. 2d DCA 1961).

Here, Plaintiffs do not point to any evidence establishing Gymboree's negligence. Plaintiffs point only to the facts that the subject chair was in an area designated for children, on a wooden floor, unsecured to the floor, and no warnings were present. These facts are insufficient as a matter of law to establish a breach of Gymboree's duty to A.R. because they do not establish that Gymboree failed to use reasonable care in maintaining the Store in a reasonably safe condition. In other words, they do not establish an unreasonably unsafe condition. These facts also do not establish that Gymboree was on notice of any concealed peril that would trigger Gymboree's duty to warn its invitees of a concealed peril.

Notably, the record is bereft of any evidence establishing that Gymboree knew of any peril involving its chairs in the entertainment area; for example, there is no evidence related to past incidents involving the chairs. Ms. Rafflo testified that the subject chair did not appear dirty. She also did not remember the Store being dirty or grimy. And there is no evidence in the record suggesting that the subject chair was not reasonably safe. In sum,

Plaintiffs offer no record evidence establishing the foreseeability of the accident involving A.R. or the breach of any duty.[1]

The failure to support a required element of a plaintiff's case requires summary judgment. *See Celotex,* 477 U.S. at 322 ("there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."); *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir. 1987) (granting of summary judgment is appropriate if the plaintiff presents insufficient evidence to require submission of the case to the trier of fact on any part of the prima facie case).

Gymboree also established that the record does not contain any evidence that it engaged in a negligent mode of operation or that it negligently hired, retained, or supervised any employee.

In sum, the undisputed record describes an unfortunate accident. But, as stated above, negligence "may not be inferred from the mere happening of an accident alone." *Belden,* 126 So. 2d at 581. This is exactly what Plaintiffs attempt in this case.

---

[1] Plaintiffs did not take any discovery in this case and did not disclose any experts during the necessary time period. Notably, it is also unclear how Plaintiffs could possibly prove medical causation without any medical expert.

Finally, in light of Plaintiffs' failure to establish a genuine issue of material fact with respect to the negligence claim, Gymboree is also entitled to summary judgment on the loss of consortium claims. *See Bello v. Johnson,* 442 Fed. Appx. 477, 480 (11th Cir. 2011).

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment (Dkt. 24) is GRANTED.

2. Defendant's Motion for Leave to File Reply (Dkt. 33) is DENIED as moot.

3. The Clerk of Court is directed to enter judgment in favor of Defendant Gymboree Retail Stores, Inc. and against Plaintiffs.

4. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1652.msj.frm